```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT

ROBERTA DEVERS-SCOTT,              :
         Plaintiff                 :
                                   :
    v.                             :    File No. 1:07-CV-33
                                   :
DEBORAH MARKOWITZ, SECRETARY       :
OF STATE, sued in her individual   :
capacity, and PATRICK KEENAN, M.D.,:
         Defendants                :
_____:
```

RULING ON DEFENDANTS' MOTIONS TO DISMISS
(Papers 6 and 9)

The plaintiff, Roberta Devers-Scott, is a midwife whose license has been revoked by the State of Vermont Office of Professional Regulation. See Devers-Scott v. Office of Professional Regulation, 918 A.2d 230 (Vt. 2007). She claims, inter alia, the defendants, Secretary of State Deborah Markowitz and Dr. Patrick Keenan, violated her civil rights under 42 U.S.C. § 1983 by initiating or participating in the revocation of her license. Both defendants have filed motions to dismiss. For the reasons set forth below, the defendants' motions are GRANTED.

I. Background

When considering a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept only well-pleaded allegations as true. See, e.g., Albright v. Oliver, 510 U.S. 266, 268 (1994). The plaintiff alleges that Secretary of State Deborah Markowitz and obstetrician Patrick Keenan, M.D. violated

1

her federally protected rights when they "conspired" to revoke her license to work as a midwife in Vermont.  See Complaint (Paper 1) at para. 5.

Her 22-page Complaint recounts the recent history of midwifery in Vermont, as well as allegations pertaining to the plaintiff's troubles gaining acceptance and support for her practice from local physicians, including Dr. Keenan.  As for allegations pertaining specifically to the two defendants, the Complaint arguably violates Fed. R. Civ. P. 8(a) in that it fails to set forth "a short and plain statement" of her claim for relief.

It appears plaintiff's claims specifically arose when a delivery she was overseeing went wrong and, after the mother was brought to Rutland Hospital, the baby died.  Believing the infant's death was unnecessary, Dr. Keenan allegedly encouraged a nurse to file a complaint against the plaintiff.  See generally Paper 1 at paras. 94-100; Devers-Scott, 918 A.2d at 235 et seq.

According to the plaintiff, the Secretary of State violated her rights because she "administered [a state system] which has denied her substantive and procedural due process of law and violated her First Amendment rights of free speech and petition." Paper 1 at para. 169.  On the other hand, she contends Dr. Keenan is subject to liability under 42 U.S.C. § 1983 because he "intentionally instigat[ed] the filing of a materially false and

deceptive report against [her] with the intent of causing her harm."  Paper 1 at para. 175.

## II. Discussion

### A. Dr. Keenan

"A plaintiff pressing a claim of violation of her constitutional rights under § 1983 is required to show state action."  Tancredi v. Metropolitan Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003).  Where, as here, a defendant is a private party, the question is "whether his conduct has sufficiently received the imprimatur of the State so as to make it 'state' action for purposes of the Fourteenth Amendment."  Blum v. Yaretsky, 457 U.S. 991, 1003 (1982).  Alleged involvement with or approval by the state is insufficient to suggest a private citizen's conduct constitutes "state action"; a court must be able to conclude the defendant was actually responsible for the specific conduct about which the plaintiff complains.  See Cranley v. Nat'l Life Ins. Co. of Vermont, 144 F. Supp. 2d 291, 303 (D. Vt. 2001), aff'd, 318 F.3d 105 (2d Cir. 2003).

The gravamen of the plaintiff's complaint against Dr. Keenan is that he "falsely report[ed] adverse information against [her] and instigat[ed] the underlying administrative prosecution which resulted in the revocation of her professional license."  Paper 1 at para. 4.  "Conduct that is ostensibly private can be fairly attributed to the state only if there is such a close nexus

between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Trancredi, 316 F.3d at 312 (quotations omitted).

Even accepting as true the plaintiff's allegations, the fact that Dr. Keenan took actions which resulted in the revocation of her license does not constitute "state action" for purposes of imposing liability under 42 U.S.C. § 1983. See, e.g., Kaczanowski v. Med. Ctr. Hosp. of Vermont, 612 F. Supp. 688, 698 (D. Vt. 1985) (hospital's denial of staff privileges to podiatrists did not constitute state action). While Dr. Keenan allegedly caused a third party to initiate an administrative complaint against the defendant, it was an independent state administrative tribunal which adjudicated her case and revoked her license. On its face, the plaintiff's complaint fails to set forth a sufficient nexus between Dr. Keenan and the State of Vermont to suggest he acted as a state actor for purposes of imposing liability under 42 U.S.C. § 1983. See Dahlberg v. Becker, 748 F.2d 85, 90 (2d Cir. 1984) (private misuse of state statute does not indicate state action); Schlein v. Milford Hosp., Inc., 561 F.2d 427 (2d Cir. 1977) (hospital's rejection of doctor's application for staff privileges does not indicate state action).

### B. Secretary of State Markowitz

Although Markowitz is named in her "individual" capacity, it is clear that plaintiff's claim against her is related to her status as Secretary of the State of Vermont, administrator of the state's relevant licensing scheme, and supervisor of the administrative and legal prosecution of plaintiff's license revocation.  In this case, Markowitz, on behalf of Vermont, "filed a complaint with the Officer of Professional Regulation (OPR) seeking immediate summary suspension of Devers-Scott's license to practice midwifery."  918 A.2d at 323.  Thereafter, the state filed proceedings in Vermont state courts which ultimately resulted in revocation of her license, as contemplated under 26 V.S.A. § 4188(c).  Id.

"Absolute immunity is accorded to judges and prosecutors functioning in their official capacities, and under certain circumstances, is also extended to officials of government agencies performing certain functions analogous to those of a prosecutor or a judge."  DiBlasio v. Novello, 344 F.3d 292, 297-98 (2d Cir. 2003) (citations and quotations omitted).  To determine whether a defendant is entitled to a grant of absolute immunity, the Court looks to whether her functions were the equivalent of a prosecutor or judge.  Id. at 298.  "[O]nce a court determines that an official was functioning in a core

judicial or prosecutorial capacity, absolute immunity applies."
Id.

In this case, it is clear the defendant's conduct, as alleged, was in a prosecutorial capacity.  On behalf of the State of Vermont, she participated in an adversarial trial and appeal process designed to adjudicate the plaintiff's rights and responsibilities as a licensed midwife.  The plaintiff's attempt to name her in her individual capacity does not alter her entitlement to immunity from suit.

### III. Conclusion

The Motions to Dismiss are GRANTED.  The plaintiff's claims pursuant to 42 U.S.C. § 1983 are dismissed.

Having found no viable claim under 42 U.S.C. § 1983, to the extent the plaintiff has set forth any state law claims, those state law claims are dismissed without prejudice.  See Valencia v. Lee, 316 F.3d 299 (2d Cir. 2003); Kaczanowski, 612 F. Supp. at 699.

SO ORDERED.

Dated at Brattleboro, Vermont, this 9th day of July, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge